UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDERSON COUTINO-SILVA, | : | CIVIL NO: 1:19-CV-00783 |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | (Chief Magistrate Judge Schwab) |
| UNITED STATES OF | : | |
| AMERICA, *et al.*, | : | |
| | : | |
| Defendants | : | |
| | : | |

## MEMORANDUM

## I. Introduction.

The plaintiff Anderson Coutinho-Silva ("Coutinho-Silva"), a federal prisoner proceeding *pro se*, filed a complaint against the United States of America and Bureau of Prison ("BOP") employee Food Service Administrator Patrick Ramirez ("Ramirez").  Coutinho-Silva sues the United States of America under the Federal Tort Claims Act ("FTCA") and sues Ramirez for violating the Eighth Amendment.  Defendants filed a motion to dismiss, and we grant that motion.

## II. Background and Procedural History.

### A. *Coutinho-Silva I.*

Coutinho-Silva first filed a lawsuit on January 23, 2017, when he filed a complaint in the United States District Court for the Eastern District of

Pennsylvania naming Ramirez as the defendant.  He claimed that on November 22, 2016, after eating his dinner, he became ill.  According to Coutinho-Silva, many inmates became sick with Salmonella poisoning because the prison served old food and did not cook it properly.  *See Coutinho-Silva v. Ramirez*, 3:17-CV-00378 ("*Coutinho-Silva I*") *doc. 1*.

After the United States District Court for the Eastern District transferred the case to this Court, Ramirez filed a motion to dismiss the complaint arguing that Coutinho-Silva failed to exhaust administrative remedies and failed to allege that he was personally involved as required to state a *Bivens*[1] claim upon which relief can be granted. *Coutinho-Silva I doc. 12*.  Because it was not clear from the face of the complaint that Coutinho-Silva failed to exhaust administrative remedies, we recommended that the Court not dismiss the complaint on exhaustion grounds. *Id*. *doc. 24*.  Nevertheless, because Coutinho-Silva did not allege Ramirez's personal involvement, we recommended that the Court grant Ramirez's motion to dismiss. *Id.*  We also recommended that the Court grant Coutinho-Silva leave to file an

---

[1] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).  In *Bivens*, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001).  "[A]ctions brought directly under the Constitution against federal officials have become known as '*Bivens* actions.'" *Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017).

amended complaint. *Id*. Adopting our Report and Recommendation, Judge

Munley granted the motion to dismiss and granted Coutinho-Silva leave to file an

amended complaint. *Id. doc. 26*.

On January 12, 2018, Coutinho-Silva filed an amended complaint again

naming Ramirez as a defendant. *Id*. *doc. 36*. The amended complaint also named

four Doe defendants: John Doe, the Assistant Food Service Administrator; John

Doe 2, a Cook Supervisor; John Doe 3, a Food Service Material Handler

Supervisor; and John Doe 4, a Food Service Administrative Assistant. *Id*. He

claimed that the defendants violated the Eighth Amendment by serving him spoiled

food on dirty trays. *Id*. More specifically, Coutinho-Silva presented what he

denominated as six claims: (1) the jelly claim; (2) the coleslaw claim; (3) the

macaroni-salad claim; (4) the spoiled-apple claim; (5) the contaminated- or

infected-rice claim (the rice claim); and (6) the contaminated-trays claim.

In sum, Coutinho-Silva alleged that the defendants served him moldy jelly,

spoiled coleslaw, spoiled macaroni salad, rotten apples, and contaminated rice on

dirty food trays between the years 2012-2016. *Id*. Specifically, as it pertained to

the rice claim, Coutinho-Silva alleged that he was served contaminated rice on

November 22, 2016, and that he fell ill as a result. *Id*. Coutinho-Silva also alleged

that as Food Service Administrator, Ramirez "sanctioned" the unconstitutional

conduct, and that Ramirez was deliberately indifferent by his retention of and lack of supervision over his staff. *Id*.

On February 9, 2018, Ramirez filed a motion to dismiss and for summary judgment.[2] *Id. doc. 43*. He later filed a brief in support, a statement of material facts, and supporting documents. *Id. docs. 44, 45, 46*. After we ordered Coutinho-Silva to respond to Ramirez's motion, he filed a motion for voluntarily dismissal without prejudice conditioned on him not having to pay a filing fee if he refiles the action. *Id. doc. 48*. Ramirez filed a brief in response to Coutinho-Silva's motion for voluntary dismissal arguing that the Court should not excuse Coutinho-Silva from paying another filing fee if he voluntarily dismisses this action and then files another action. *Id. doc. 50*. Ramirez pointed out that 28 U.S.C. § 1914[3] commands the Clerk of Court to require a party to pay a filing fee to file a civil action. *Id*. Coutinho-Silva then withdrew his motion for voluntary dismissal and requested an extension of time to respond to Ramirez's motion to dismiss and for summary judgment. *Id. doc. 51*. We granted Coutinho-Silva an extension of time, and on

---

[2] Coutinho-Silva never provided names for the John Doe defendants, and those defendants were never served. Thus, only Ramirez filed the motion to dismiss and for summary judgment.

[3] 28 U.S.C. § 1914(a) provides: "The clerk of each district court shall require parties instituting any civil action, suit or  proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350, expect that on application for a writ of habeas corpus the filing fee shall be $5."

May 14, 2018, he filed a brief in opposition to Ramirez's motion. *Id. docs. 52, 53*.

On that same day, Coutinho-Silva also filed another motion for voluntary dismissal

without prejudice, again on the condition that he not be required to pay another

filing fee if the Court grants his motion and he then refiles this action.  Because

Coutinho-Silva did not file a brief in support of that motion, by a separate order we

deemed that motion withdrawn. *Id. docs. 54, 63*.  On May 30, 2018, Ramirez filed

a reply brief. *Id. doc. 60*.  On July 2, 2018, Coutinho-Silva filed what we construed

as a sur-reply brief. *Id. doc. 62*.

In our Report and Recommendation, we recommended that Coutinho-Silva's

complaint be dismissed as to the rice claim for failure to exhaust available

administrative remedies. *Id. doc. 64*.  As to the moldy jelly, spoiled macaroni

salad, spoiled coleslaw, and dirty tray claims, we recommended that the claims be

dismissed for failure to state a claim upon which relief can be granted. *Id*.  Judge

Munley adopted our Report and Recommendation. *Id. doc. 65*.


**B. This Case, *Coutinho-Silva II*.**

On May 3, 2019, Coutinho-Silva instituted this action by filing a complaint

raising the same *Bivens* claims as *Coutinho-Silva I*, and alleging an additional

FTCA claim against the United States of America. *Doc. 1*.  In his complaint,

Coutinho-Silva alleges that Ramirez, along with four unknown individuals, served

"molded jelly, spoiled coleslaw and macaroni salad, rotten apples, and contaminated rice on food treys [sic] that were not properly sanitized" while incarcerated at USP Lewisburg. *Doc. 1* at 6.  Coutinho-Silva alleges that this conduct spanned over the years 2012-2016. *Id.*  He specifically alleges that Ramirez "caused unsafe food to be placed on [his] food trey [sic] and served to [him] knowing that the food was old and expired making it unsafe for inmate and human consumption." *Id.*

Based on the exhibits attached to Coutinho-Silva's complaint, the BOP received an administrative claim from Coutinho-Silva on April 23, 2018. *Id.* at 26. The claim sought damages surrounding the contaminated food Coutinho-Silva alleges Ramirez served him. *Id.*  Because Coutinho-Silva never reported any symptoms to medical staff, as he was directed to do, the BOP denied the claim for lack of evidence of a compensable loss on June 4, 2018. *Id.*  Thereafter, on February 19, 2019, Coutinho-Silva filed a second administrative claim. *Id.* at 25. The second claim was denied as being a duplicate claim to the first claim. *Id.*

On October 30, 2019, Defendants filed a motion (*doc. 26*) to dismiss or for summary judgment.  On November 13, 2019, Defendants filed a brief (*doc. 28*) in support of that motion and a statement of material facts (*doc. 29*).  On November 25, 2019, Coutinho-Silva filed a brief (*doc. 31*) in opposition.

6

Following a telephonic status conference, we issued an order dismissing Defendants' motion (*doc. 26*) as moot and permitting Defendants to file responsive pleadings within 30 days from April 2, 2020. *Doc. 35*.  On April 3, 2020, Defendants filed a motion (*doc. 36*) to dismiss and a brief (*doc. 37*) in support of that motion.  In their brief, Defendants contend that dismissal of the complaint is warranted for two reasons: (1) all *Bivens* claims but for the tainted rice claim are barred by *res judicata*; and (2) all claims are barred by the applicable statute of limitations.

Coutinho-Silva filed a brief (*doc. 39*) in opposition on April 24, 2020, wherein he agrees that all *Bivens* claims but for the tainted rice claim are barred by *res judicata*.  Coutinho-Silva contends that the statute of limitations defense is without merit because it does not touch on subject matter jurisdiction.  He also contends that the statute of limitations is not applicable because the complaint filed in *Coutinho-Silva II* relates back to the complaint filed in *Coutinho-Silva I*.

Defendants filed a reply brief (*doc. 40*) on May 4, 2020.  Defendants opine that because Coutinho-Silva concedes that all *Bivens* claims but for the tainted rice claim are barred by *res judicata*, those *Bivens* claims should be dismissed. Defendants also contend that the relation-back doctrine is not applicable under the present circumstances.  The motion is now ripe for review.

## III. Standards of Review.

### A. Motion to Dismiss.

In accordance with Fed. Civ. P. 12(b)(6), the court may dismiss a complaint

for "failure to state a claim upon which relief can be granted." When reviewing a

motion to dismiss, "[w]e must accept all factual allegations in the complaint as

true, construe the complaint in the light favorable to the plaintiff, and ultimately

determine whether plaintiff may be entitled to relief under any reasonable reading

of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). In

making that determination, we "consider only the complaint, exhibits attached to

the complaint, matters of public record, as well as undisputedly authentic

documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

"A Rule 12(b)(6) motion tests the sufficiency of the complaint against the

pleading requirements of Rule 8(a)." *I.H. ex rel. D.S. v. Cumberland Valley Sch.

Dist.*, 842 F. Supp. 2d 762, 769–70 (M.D. Pa. 2012). "Under Federal Rule of Civil

Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the

claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S.

662, 677–78 (2009). The statement required by Rule 8(a)(2) must give the

defendant fair notice of what the plaintiff's claim is and of the grounds upon which

it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations

are not required, but more is required than labels, conclusions, and a formulaic

recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief can be granted, the court must accept as true all well-pleaded factual allegations in the complaint, and the court must draw all reasonable inferences from the facts alleged in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.,* 20 F.3d 1250, 1261 (3d Cir. 1994). But a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). A court also need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify

allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (footnote and citations omitted) (quoting *Iqbal,* 556 U.S. at 675, 679).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

## III. Discussion.

Defendants contend that Coutinho-Silva's motion should be granted for two reasons: (1) majority of Coutinho-Silva's *Bivens* claims are barred by the doctrine of *res judicata*; and (2) all claims are barred by the applicable statute of limitations.

10

### A. *Res Judicata* Bars All *Bivens* Claims but For the Tainted Rice Claim.

Defendants contend that Coutinho-Silva's *Bivens* claims regarding moldy jelly, spoiled coleslaw, spoiled macaroni salad, rotten apples, and dirty trays are precluded under the doctrine of *res judicata*.  In his brief in opposition, Coutinho-Silva states that "the defendants argue **and [he] agrees**, that '*res judicata* bars all *Bivens* claims but for the one pertaining to the tainted rice.'" *Doc. 39* at 2 (emphasis added).   Accordingly, because Coutinho-Silva concedes that *res judicata* bars all of his *Bivens* claims but for the tainted rice claim, we find that those claims should be dismissed.

### B. Coutinho-Silva's Claims are Barred by the Statute of Limitations.

Defendants also contend that Coutinho-Silva's complaint should be dismissed because his *Bivens* claims and FTCA claim are barred by the statute of limitations.  We agree.

#### 1. *Bivens* Claims.

The statute of limitations applicable to a *Bivens* claim is the state statute of limitations for personal injury claims. *Lomax v. U.S. Senate Armed Forces Serv. Comm.*, 454 Fed. App'x 93, 95 (3d Cir. 2011).  Pennsylvania, the applicable state in this case, mandates a two-year statute of limitations for personal injury claims.

42 Pa.C.S. § 5524(2).  The limitations period begins to run when the plaintiff knows or has reason to know the injury that constitutes the basis for the action. *Sandutch v. Muroski*, 684 F.2d 252, 254 (3d Cir. 1982) (per curiam).  Although the statute of limitations is an affirmative defense, it may be raised in a motion to dismiss "when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)).

Here, it is apparent from the face of Coutinho-Silva's complaint that his claims are time barred by the applicable statute of limitations.  All the events mentioned in Coutinho-Silva's complaint occurred between 2012 and 2016, with the most recent event occurring on November 22, 2016. *See doc. 1* at 2-3. Coutinho-Silva therefore needed to file suit no later than November 22, 2018, to comply with the statute of limitations applicable to *Bivens* actions, but he did not file this suit until May 3, 2019. *See doc. 1*.

Furthermore, the continuing violation doctrine does not apply in this case because the last affirmative act that Coutinho-Silva alleges Defendants committed occurred on November 22, 2016.  Under the continuing-violation doctrine, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period." *Montanez*, 773 F.3d at 481 (quoting *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d

Cir. 2001)).  "The doctrine's focus is 'on affirmative acts of the defendants.'"

*Tearpock-Martini v. Borough of Shickshinny*, 756 F.3d 232, 236 (3d Cir. 2014)

(quoting *Cowell*, 263 F.3d at 293).  The continuing violation doctrine does not

apply where the last affirmative act done by the defendants is outside the

limitations period. *See id.* at 237; *Cowell*, 263 F.3d at 293.  Here, the continuing

violation doctrine does not apply because the last affirmative act that Defendants

allegedly committed occurred on November 22, 2016, and Coutinho-Silva did not

file suit until May 3, 2019.

Coutinho-Silva contends that the statute of limitations argument is without

merit because a statute of limitations defense does not touch on subject matter

jurisdiction. *Doc. 39* at 2.  We agree that the statute of limitations is an affirmative

defense and does not touch on subject matter jurisdiction; however, as previously

stated, although the statute of limitations is an affirmative defense, it may be raised

in a motion to dismiss "when the statute of limitations defense is apparent on the

face of the complaint." *Wisniewski*, 857 F.3d at 157.

Coutinho-Silva also contends that the statute of limitations is not implicated

because the present complaint relates back to the complaint filed in *Coutinho-Silva*

*I. Doc. 39* at 2.  Although "a plaintiff can amend a complaint . . . notwithstanding

the statute of limitations [,]" there is no authority that suggests that a "complaint

can or should be construed to relate back to pleadings filed . . . in a different

13

lawsuit." *Rowell v. Stecker*, 698 Fed. App'x 693, 697 (3d Cir. 2017) (citing *Bailey v. N. Ind. Pub. Serv. Co.*, 920 F.2d 406, 413 (7th Cir. 1990) ("Rule 15(c) [the federal relation-back rule], by its terms, only applies to amended pleading in the same action as the original, timely pleading.")).  Accordingly, Coutinho-Silva cannot use the relation back doctrine to circumvent the statute of limitations for his *Bivens* claims.  Therefore, we will dismiss Coutinho-Silva's *Bivens* claims as time barred.

### 2. FTCA Claim.

The United States of America also seeks dismissal of the FTCA claim because the claim is barred by the statute of limitations.  A plaintiff must comply with the strict time requisites of the FTCA, or a plaintiff's tort claim under the FTCA will be "forever barred." *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971).  Under the FTCA, a tort claim must be "presented in writing to the appropriate Federal agency within two years after such claim accrues. . . ." 28 U.S.C. § 2401(b).  "After the agency denies the claim, the plaintiff has six months in which to file suit in the appropriate District Court." *Zierke v. United States*, 679 Fed. App'x 103, 105 (3d. Cir ) (citing 28 U.S.C. §2401(b); *Lightfoot v. United States*, 564 F.3d 625, 627 (3d Cir. 2009)).

14

Here, Coutinho-Silva filed his administrative claim on April 23, 2018

requesting $10,000 in damages. *Doc. 1* at 26.  The BOP ultimately denied

Coutinho-Silva's claim on June 4, 2018. [4] *Id.*   Based on the June 4, 2018 denial,

and in accordance with the time constraints prescribed in the FTCA, Coutinho-

Silva had until December 4, 2018, to file suit in district court; however,

Coutinho-Silva did not file suit until May 3, 2019.  Consequently, Coutinho-

Silva failed to comply with the statute of limitations for FTCA claims. Thus, we

will dismiss the FTCA claim as time barred.

---

[4] Coutinho-Silva also filed an administrative claim in February 2019. *Doc. 1* at 25. The BOP denied that claim as being merely duplicative of the first administrative claim that was denied on June 4, 2018. *Id.*  Defendants contend that we should not give credence to the February 2019 claim as far as determining whether the limitations period for Coutinho-Silva's FTCA claim has expired. *Doc. 36* at 7. Rather, Defendants contend that the statute of limitations for Coutinho-Silva's FTCA claim began to run on June 4, 2018, when the first claim was denied. *Id.* We agree. *See Roman-Cancel v. U.S.*, 613 F.3d 37, at 42 (1st Cir. 2010) ("[I]t would be pointless for a court to allow a claimant an opportunity to reopen the FTCA's limitations window by the simple expedient of re-filing a claim to supplement the earlier, functionally equivalent claim on which the window has shut. In the bargain, honoring a re-filed claim would frustrate the goals of the FTCA's filing deadlines.") (citing Steven W. Feldman, *Federal Administrative Practice* § 445, at 167 (4th ed. 2002) (explaining that decisions of the Board "are final")).  Accordingly, we use the June 4, 2018 denial as the date to determine whether the limitations period has expired.

## V. Further Leave to Amend Would be Futile.

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny,* 515 F.3d 224, 245 (3d Cir. 2008). The court "must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend." *Id.* Here, Coutinho-Silva can never state a cognizable *Bivens* claim or FTCA claim. Thus, granting Coutinho-Silva further leave to amend would be futile.

## IV. Order.

For the Foregoing reasons, **IT IS ORDERED** that Defendants' motion to dismiss (*doc. 36*) is **GRANTED**. An appropriate order will follow.


*S/Susan E. Schwab*
Susan E. Schwab
Chief United States Magistrate Judge